*873
 
 Memorandum.
 

 The order of the Appellate Division should be reversed and the judgment of conviction reinstated.
 

 The sole issue raised on this appeal is whether defendant suffered ineffective assistance of counsel warranting the Appellate Division’s reversal and a new trial. Defense counsel’s lapse consisted of failing to notice a scheduled appearance and to show up at the designated time to attend upon defendant’s opportunity to testify before the Grand Jury (see, CPL 190.50 [5]).
 

 Defendant Wiggins was charged in a two-count indictment with grand larceny in the fourth degree and robbery in the third degree. During his arraignment, he timely served notice of intention to testify before the Grand Jury (see, CPL 190.50 [5] [a]). The People served a reciprocal notice indicating the date and time defendant was scheduled to testify (see, CPL 190.50 [5] [b]). Defense counsel did not arrive at the Grand Jury appointment until after an indictment had been voted and declined the People’s offer to have his client appear before the same Grand Jury after that point.
 

 Defendant instead timely moved to dismiss the indictment, claiming that he had been denied the opportunity to testify before the Grand Jury. Supreme Court denied defendant’s motion and reargument application. After trial and a jury verdict, defendant was convicted of grand larceny in the fourth degree and robbery in the third degree. The Appellate Division reversed on the law only on ineffective assistance of counsel grounds, based on the default in the appearance before the Grand Jury. The court dismissed the indictment with leave to re-present. It otherwise reviewed and found no error in the trial and judgment of conviction. A Judge of this Court granted leave to the People and we now reverse.
 

 Effective assistance of counsel is satisfied "[s]o long as the evidence, the law, and the circumstances of a particular case, viewed in totality and as of the time of the representation, reveal that the attorney provided meaningful representation”
 
 (People v Baldi,
 
 54 NY2d 137, 147;
 
 see, People v Helm,
 
 51 NY2d 853). Defense counsel’s failure to timely facilitate defendant’s intention to testify before the Grand Jury does not, per se, amount to a denial of effective assistance of counsel under the circumstance of this case
 
 (see, People v Sturgis,
 
 199 AD2d 549, 550,
 
 lv denied
 
 84 NY2d 833;
 
 contrast, People v Jimenez,
 
 180 AD2d 757).
 

 
 *874
 
 Notably, when a judgment of conviction has been rendered based upon legally sufficient trial evidence, appellate review of a claim alleging insufficiency of Grand Jury evidence is barred (CPL 210.30 [6]; see,
 
 People v Huston,
 
 88 NY2d 400, 411). To elevate the kind of representational lapse, as occurred here at the Grand Jury phase, to an automatic delayed reversal device would be anomalous in the face of these overarching guideposts.
 

 Chief Judge Kaye and Judges Simons, Titone, Bellacosa, Smith, Levine and Ciparick concur.
 

 Order reversed and judgment of Supreme Court, Kings County, reinstated in a memorandum.