■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARRYL DICKENS, Appellant. [688 NYS2d 509] —Judgment, Supreme Court, New York County (Alvin Schlesinger, J., at CPL 190.50 [5] [c] hearing; James Leff, J., at CPL 30.30 motion, jury trial and sentence), rendered December 18, 1996, convicting defendant of robbery in the second degree, and sentencing him, as a persistent violent felony offender, to a term of 20 years to life, unanimously affirmed.

The verdict was based on legally sufficient evidence and there was neither a constructive amendment of the indictment nor a variance between the indictment and the proof. Notwithstanding the conjunctive language used in the indictment, the People had no obligation to prove that defendant displayed what appeared to be a firearm *both* during the crime *and* in immediate flight therefrom (*People v Charles,* 61 NY2d 321, 327-329).

The record supports the hearing court's credibility determination that defendant consented to his original attorney's sound strategic decision that defendant should not testify before the Grand Jury. In any event, even if we were to find that defendant did not consent, we would find no basis for dis-

missal of the indictment (*see, People v Wiggins*, 89 NY2d 872). We note that defendant's claim of a conflict between himself and his original attorney was rendered moot by the substitution of counsel prior to the CPL 190.50 hearing.

The court's summary denial of defendant's speedy trial motion, without a response from the People, was harmless since our review of the minutes of the time periods in question (*see, People v Notholt*, 242 AD2d 251, 253) establishes that the motion was without merit.

The challenged portions of the prosecutor's summation were not expressions of personal belief or opinion, and constituted appropriate response to defense counsel's summation (*People v Overlee*, 236 AD2d 133, *lv denied* 91 NY2d 976).

The court's informal handling of the jury's request for a list of the names of the witnesses was entirely proper since this was a purely ministerial matter (*see, People v Bonaparte*, 78 NY2d 26, 30-31).

Inasmuch as defendant was adjudicated a second violent felony offender in 1993 without, at that time, raising any constitutional objections to his 1988 conviction, the court had a sufficient basis to find defendant a persistent violent felony offender, without reviewing the 1988 plea minutes (*People v Harrigan*, 256 AD2d 120). Further, the court provided counsel with sufficient time to review the 1993 plea minutes and to confer with defendant, and counsel's challenges to the 1993 proceeding were groundless.

We perceive no abuse of sentencing discretion.

We have considered and rejected defendant's remaining claims. Concur—Sullivan, J. P., Nardelli, Williams and Andrias, JJ.