■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID ANDERSON, Appellant. [808 NYS2d 638]—

Judgment, Supreme Court, New York County (Bernard J. Fried, J., on dismissal motion; Charles J. Tejada, J., at jury trial and sentence), rendered December 16, 2003, convicting defendant of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third and fourth degrees, and sentencing him, as a second felony offender, to concurrent terms of 7 to 14, 7 to 14 and 6 to 12 years, respectively, unanimously affirmed.

Counsel's failure to effectuate defendant's right to testify before the grand jury did not constitute ineffective assistance (*People v Wiggins*, 89 NY2d 872 [1996]).

The court properly denied defendant's application pursuant to *Batson v Kentucky* (476 US 79 [1986]). The record supports the court's finding that the nondiscriminatory reasons provided by the prosecutor for the peremptory challenges in question were not pretextual. This finding is entitled to great deference (*see People v Hernandez*, 75 NY2d 350 [1990], *affd* 500 US 352 [1991]). While defendant also attacks certain challenges for cause made by the prosecutor to other panelists, *Batson* and its progeny address peremptory challenges, not challenges for cause (*see e.g. United States v Elliott*, 89 F3d 1360, 1364-1365 [8th Cir 1996], *cert denied* 519 US 1118 [1997]). In any event, these challenges were made in good faith and were properly granted by the court. We find nothing in the challenges for cause that suggests racial discrimination or provides any support for defendant's *Batson* claim.

Defendant's challenges to the People's summation are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would find that the challenged remarks generally constituted fair comment on the

evidence made in response to defense arguments, and that the summation did not deprive defendant of a fair trial (*see People v Overlee*, 236 AD2d 133 [1997], *lv denied* 91 NY2d 976 [1998]; *People v D'Alessandro*, 184 AD2d 114, 118-119 [1992], *lv denied* 81 NY2d 884 [1993]).

We perceive no basis for reducing the sentence. Concur— Tom, J.P., Andrias, Gonzalez and Sweeny, JJ.