■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARCUS DOZIER, Appellant. [843 NYS2d 502]—Judgments, Supreme Court, New York County (Rena K. Uviller, J., on dismissal motions; Arlene R. Silverman, J., at pleas and sentence), rendered May 10, 2005, convicting defendant of criminal possession of a weapon in the third degree and criminal sale of a controlled substance in the fifth degree, and sentencing him, as a second felony offender, to concurrent terms of five years and 2 to 4 years, respectively, unanimously affirmed.

There is no merit to defendant's claim that he was "denied the right to the assistance of counsel" with respect to the grand jury proceedings leading to his weapon possession indictment, and his alleged desire to testify with respect to that charge (see People v Wiggins, 89 NY2d 872, 873 [1996]). Defendant's claims relating to his drug indictment are likewise without merit. Concur—Andrias, J.P., Friedman, Williams, Buckley and Sweeny, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY WILLIAMS, Appellant. [842 NYS2d 718]—Judgment, Supreme Court, New York County (Philip M. Grella, J.), rendered November 4, 2004, convicting defendant, after a jury trial, of grand larceny in the fourth degree, and sentencing him, as a second felony offender, to a term of 2 to 4 years, unanimously affirmed.

Defendant failed to preserve his present challenge to the language employed by the court in its Allen charge (Allen v United States, 164 US 492 [1896]), and we decline to review it in the interest of justice. In any event, the charge was neither imbalanced nor coercive (see People v Alvarez, 86 NY2d 761, 763 [1995]). Concur—Andrias, J.P., Friedman, Williams, Buckley and Sweeny, JJ.