10 N.Y.3d 946 (2008)
893 N.E.2d 130
862 N.Y.S.2d 852
THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v.
DONNIE SIMMONS, Appellant.
Court of Appeals of the State of New York.
Argued June 5, 2008.
Decided July 1, 2008.
*947 Office of the Appellate Defender, New York City (Risa Gerson and Richard M. Greenberg of counsel), for appellant.
Robert M. Morgenthau, District Attorney, New York City (Ellen Stanfield Friedman and Eleanor J. Ostrow of counsel), for respondent.
Chief Judge KAYE and Judges CIPARICK, GRAFFEO, READ, SMITH, PIGOTT and JONES concur.

OPINION OF THE COURT
MEMORANDUM.
The order of the Appellate Division should be affirmed. Defendant was convicted, after jury trial, of criminal possession of a controlled substance in the third and fifth degrees, and sentenced as a second felony offender to an aggregate term of 4½ to 9 years. On appeal to this Court by permission from a Justice of the Appellate Division, defendant contends that he was constructively without counsel, thus unrepresented, when the matter was presented to the grand jury, and as a consequence was denied his right to testify before the grand jury pursuant to CPL 190.50 (5) (a). We disagree.
Defendant and codefendant Sutton[1] were arrested on September 22, 2004 based upon the rooftop observations of a police officer of the 28th Precinct's Street Narcotics Enforcement Unit and defendants were initially charged with criminal possession of a controlled substance in the seventh degree, a misdemeanor. At the arraignment, an attorney from the Criminal Court "misdemeanor" panel of the Assigned Counsel Plan was assigned to represent defendant.[2] Defendant was offered the opportunity to plead guilty and receive a sentence of 10 days in jail; however, he rejected the plea offer and bail was set in the amount of $500 cash or bond. At the next court appearance, the prosecution noticed its intent to obtain an indictment against defendant and that the case would be presented to the grand jury (see CPL 170.20). Defendant's attorney served oral notice that defendant wanted to exercise his right to testify before the grand jury. Despite *948 having notified the prosecutor of his intent to testify, neither defendant (who was incarcerated) nor his attorney appeared before the grand jury on September 29, 2004. The grand jury indicted defendant for acting in concert with codefendant in the criminal possession of a controlled substance in the third and fifth degrees (felony charges).
Defendant prepared a pro se motion pursuant to CPL 190.50 to dismiss the indictment on the ground that the prosecution failed to honor his request to testify before the grand jury. The standard form motion gave no reason why his 190.50 rights were violated. In a letter accompanying the motion, defendant asked the court to accept his motion, explaining that his attorney had refused to submit the motion. When defendant was arraigned on the indictment, his attorney asked to be relieved and that a felony-qualified 18-B lawyer be appointed. New counsel was substituted and defendant pleaded not guilty.
Defendant's new counsel filed defendant's pro se motion with Supreme Court. The court denied the motion, finding that the prosecution had met its obligation to provide notice of the date, time and place of the grand jury presentation. The court observed that it was predecessor defense counsel who interfered with defendant's right to testify in the grand jury, stating, "As to Simmons, it appears that predecessor counsel was not on the felony 18-B panel." The court also noted that counsel made no application to the court to assign a felony-qualified counsel until after defendant's indictment, and it further appeared that counsel never notified the prosecutor that there should be a delay for that purpose. Nevertheless, the court concluded that a viable claim of ineffective assistance of counsel for failure to secure defendant's presence at the grand jury is by itself insufficient in the absence of prejudice.
Defendant characterizes the failure of his attorney to facilitate his appearance before the grand jury as constructive abandonment rather than ineffective assistance of counsel. The Appellate Division rejected that claim, finding no record evidence that the attorney was incapable of representing defendant or that he abandoned him at a critical stage of the prosecution. Defense counsel appeared at all court proceedings and advocated on behalf of his client. Although defense counsel was not on the felony panel of the Assigned Counsel Plan, he was a licensed attorney, qualified to represent a defendant before the grand jury, subject to the Code of Professional Responsibility (DR 6-101 [a] [1] [22 NYCRR 1200.30 (a) (1)]).
*949 This case is indistinguishable from People v Wiggins (89 NY2d 872, 873 [1996]), where defense counsel arrived at the grand jury after the indictment had been voted. Indeed, until the indictment was handed down there was no felony charged. Here, defense counsel also failed to secure defendant's appearance before the grand jury. In Wiggins, we held that failure of defense counsel to facilitate defendant's testimony before the grand jury does not, per se, amount to the denial of effective assistance of counsel. In this case, defendant failed to establish that he was prejudiced by the failure of his attorney to effectuate his appearance before the grand jury. Significantly, there is no claim that had he testified in the grand jury, the outcome would have been different.
Order affirmed in a memorandum.
NOTES
[1] At the Appellate Division this case was captioned People v Sutton (43 AD3d 133 [1st Dept 2007]).
[2] Pursuant to article 18-B of the County Law, the First Department's Assigned Counsel Plan certifies attorneys to three trial panels (Criminal Court, Supreme Court and homicide).