■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID KINLOCK, Appellant. [870 NYS2d 535]—

Cardona, P.J.

In satisfaction of a two-count indictment, defendant pleaded guilty to rape in the third degree and was sentenced to a term of imprisonment of 1 to 3 years to run concurrently with a sentence he was already serving. Thereafter, defendant brought this CPL 440.10 motion seeking principally to vacate the judgment of conviction on the ground that the People allegedly deprived him of the right to testify before the grand jury pursuant to CPL 190.50 (5) (a). County Court denied the motion without a hearing. Defendant now appeals, by permission of this Court.

Significantly, a defendant's objections to the People's notice of presentment of an indictment are waived by a failure to move to dismiss the indictment within five days after the arraignment (*see* CPL 190.50 [5] [c]; *People v Wright*, 5 AD3d 873, 874 [2004], *lv denied* 3 NY3d 651 [2004]). Inasmuch as defendant first raised the issue of lack of notice nine months after his arraignment, County Court properly denied his motion as untimely.

We are also unpersuaded by defendant's contention that his CPL article 440 motion should have been granted because of ineffective assistance of counsel. While defendant did indicate in his supporting affidavit attached to this motion that one of the grounds for relief was "[i]neffective counsel," he provided no further elaboration for that claim aside from asserting that the People's failure to provide him with notice deprived him of "the right to effectively use counsel." Significantly, even if we accepted defendant's argument that he was not provided notice, a defense counsel's conduct in not moving "to dismiss the indictment based on the prosecution's failure to afford defendant an opportunity to testify before the grand jury, without more, is insufficient to demonstrate ineffective assistance, particularly where defendant failed to demonstrate an absence of strategic or legitimate reasons for counsel's failure to pursue this course of action" (*People v Miller*, 12 AD3d 852, 854 [2004], *lv denied* 4 NY3d 765 [2005]). Given defendant's failure to articulate a viable claim of ineffective assistance of counsel, County Court's denial of the motion to vacate was appropriate.

Carpinello, Lahtinen, Kane and Malone Jr., JJ., concur. Ordered that the order is affirmed.