■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN WEEMS, Appellant. [879 NYS2d 68]—

Judgment, Supreme Court, New York County (Gregory Carro, J., at dismissal motion; Arlene Goldberg, J., at suppression hearing, plea and sentence), rendered November 7, 2005, convicting defendant of criminal possession of a controlled substance in the fifth degree, and sentencing him, as a second felony offender, to a term of 2½ to 5 years, unanimously affirmed.

The court properly denied defendant's suppression motion. There is no basis for disturbing the court's credibility determinations, including its resolution of minor discrepancies in the officers' testimony (see People v Prochilo, 41 NY2d 759, 761 [1977]).

Since defendant pleaded guilty with the assistance of new counsel, he forfeited the right to argue that he was denied the opportunity to testify before the grand jury as a result of his prior attorney's conduct (see People v Petgen, 55 NY2d 529, 534-535 [1982]; People v Bostick, 235 AD2d 287 [1997], lv denied 89 NY2d 1089 [1997]). In any event, even assuming the prior attorney withdrew defendant's request to testify without consulting her client, this did not constitute ineffective assistance (see People v Wiggins, 89 NY2d 872 [1996]; People v Nobles, 29 AD3d 429 [2006], lv denied 7 NY3d 792 [2006]). There is no reason to believe that testimony from defendant would have affected the result of the grand jury proceeding. Defendant's arguments that he was "effectively unrepresented" or represented by "conflicted" counsel as the result of his attorney's failure to carry out his wish to testify before the grand jury are without merit (see People v Simmons, 10 NY3d 946, 948 [2008]; see also People v Ferguson, 67 NY2d 383, 390 [1986]; People v Cox, 19 Misc 3d 1129[A], 2007 NY Slip Op 52553[U] [Sup Ct, NY County 2007]).

We have considered and rejected defendant's remaining claims, including those contained in his pro se supplemental brief. Concur—Tom, J.P., Andrias, Buckley and DeGrasse, JJ.