■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NOEL SCUDDS, Appellant. [879 NYS2d 257]—

Lahtinen, J. Appeal, by permission, from an order of the County Court of Rensselaer County (Jacon, J.), entered May 21, 2008, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment convicting him of the crime of criminal possession of a forged instrument in the second degree, without a hearing.

Defendant pleaded guilty to criminal possession of a forged instrument in the second degree in satisfaction of an eight-count indictment. As part of the bargained-for plea, defendant was to receive a prison sentence of 2 to 4 years, which was to run concurrently with a two-year determinate sentence imposed in Saratoga County on an unrelated charge, and he was to waive his right to appeal and make restitution in the amount of $30,000. At sentencing, 47 days after he entered his plea of guilty, defendant complained that he had been denied an opportunity to testify before the grand jury. After a brief discussion, County Court granted the oral motion of defendant's retained counsel for reassignment of counsel to pursue a post-judgment motion based on defendant's claim that he had been denied his statutory right to testify before the grand jury, and then proceeded to impose the agreed-upon sentence and defendant executed a written waiver of appeal.

A motion by defendant's newly assigned counsel pursuant to CPL 440.10 (1) (h) followed, demanding, among other things, that defendant's judgment of conviction be vacated because defendant had been denied his constitutionally protected right to the effective assistance of counsel. County Court denied the motion without a hearing, and permission to appeal from that order was granted by order of this Court (see CPL 460.15).

The limited issue we are to decide in this appeal distills to whether defense counsel's failure to secure defendant's appearance before the grand jury and his failure to timely move to dismiss the indictment on the ground that defendant was not afforded his statutory right to testify before the grand jury (see CPL 190.50 [5] [c]) amounted to a denial of defendant's constitutional right to the effective assistance of counsel. Under

the circumstances of this case, we think not. The record clearly shows that counsel provided defendant with meaningful representation, the standard for evaluating ineffective assistance of counsel claims (*see People v Henry*, 95 NY2d 563, 565 [2000]). Defendant's counsel negotiated a very favorable disposition that provided for the sentence imposed to run concurrently with a sentence imposed on an unrelated conviction in Saratoga County. The sentencing minutes indicate that defendant discussed this issue with his retained counsel multiple times, he had no desire to move to withdraw his plea and he signed a written waiver of appeal at sentencing. Significantly, no appeal was taken from the judgment of conviction. "To elevate the kind of representational lapse, as [may have] occurred here at the [g]rand [j]ury phase, to an automatic delayed reversal device would be anomalous in the face of these overarching guideposts" (*People v Wiggins*, 89 NY2d 872, 874 [1996]; *see e.g. People v Kinlock*, 57 AD3d 1227, 1228 [2008]; *People v Miller*, 12 AD3d 852, 854 [2004], *lv denied* 4 NY3d 765 [2005]).

Peters, J.P., Rose, Malone Jr. and Garry, JJ., concur. Ordered that the order is affirmed.