■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICARDO JIMINEZ, Appellant. [896 NYS2d 69]—

Judgment, Supreme Court, Bronx County (Robert Torres, J.), rendered August 16, 2007, convicting defendant, after a jury trial, of murder in the second degree, and sentencing him to a term of 22 years to life, unanimously affirmed.

The verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's determinations concerning credibility. Two witnesses (one of whom was acquainted with defendant) having no connection with each other identified the same person and gave essentially similar accounts of the incident. Moreover, defendant's confession to an informant contained significant details that confirmed the informant's credibility. The jury could have reasonably concluded that these factors outweighed the alleged deficiencies in the People's case.

The court properly declined to charge justification. Defendant did not preserve his argument that a justification charge was supported by a portion of his statement to the informant (a statement defendant claims to be the informant's fabrication), and we decline to review it in the interest of justice. As an alternative holding, we also reject it on the merits. Viewing the evidence, including the statement to the informant, in a light most favorable to defendant, and with recognition of a defendant's right to assert inconsistent theories of defense (*see People v Steele*, 26 NY2d 526, 529 [1970]), we conclude that no reasonable view of the evidence supported a justification defense (*see People v Watts*, 57 NY2d 299, 301-302 [1982]; *People v Hubrecht*, 2 AD3d 289, 290 [2003], *lv denied* 2 NY3d 741 [2004]). In any event, any error in declining to charge justification was harmless.

Defendant did not preserve any of his challenges to the prosecutor's summation. Since defendant did not request any further relief after his objections were sustained, in each instance the court's curative action "must be deemed to have corrected the error to the defendant's satisfaction" (*People v Heide*, 84 NY2d 943, 944 [1994]; *see also People v Medina*, 53 NY2d 951, 953 [1981]). We decline to review these claims in the interest of justice. As an alternative holding, we find that the court's actions were sufficient to prevent any prejudice, and that there is no basis for reversal (*see People v D'Alessandro*, 184 AD2d 114, 118-119 [1992], *lv denied* 81 NY2d 884 [1993]).

We have considered and rejected defendant's claim of excessive preindictment delay (*see People v Decker*, 13 NY3d 12 [2009]; *People v Vernace*, 96 NY2d 886 [2001]). Any procedural error in the manner in which the court determined the motion to dismiss was harmless (*see People v Dickens*, 259 AD2d 450, 451 [1999], *lv denied* 93 NY2d 1002 [1999]).

We perceive no basis for reducing the sentence. Concur—Mazzarelli, J.P., Saxe, Moskowitz and Acosta, JJ.