■ The People of the State of New York, Respondent, v Benjamin Santiago, Appellant. [898 NYS2d 41]—

Judgment, Supreme Court, New York County (James A. Yates, J.), rendered June 26, 2007, as amended August 24, 2007, convicting defendant, after a jury trial, of robbery in the first and third degrees and criminal possession of a weapon in the third degree, and sentencing him, as a second violent felony offender, to an aggregate term of 13 years, and order, same court and Justice, entered on or about October 17, 2008, which denied defendant's CPL 440.10 motion to vacate the judgment, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's determinations concerning credibility, including its resolution of inconsistencies in testimony. The credible evidence established that defendant used force to retain stolen merchandise.

The court properly denied defendant's motion to dismiss the indictment. In that motion, defendant claimed he was deprived of his right to testify before the grand jury, and that his attorney rendered ineffective assistance by disregarding defendant's desire to so testify. Even assuming the facts to be as defendant claims, this case is indistinguishable from *People v Simmons* (10 NY3d 946 [2008]), where "defendant failed to establish that he was prejudiced by the failure of his attorney to effectuate his appearance before the grand jury. Significantly, there is no claim that had he testified in the grand jury, the outcome would have been different" (*id*. at 949). On appeal, defendant offers no claim of prejudice except that his counsel relinquished defendant's purportedly personal right to testify before the grand jury. This argument incorrectly equates the right to testify before the grand jury with the right to testify at trial, and essentially argues for the type of per se rule that *Simmons*, as well as *People v Wiggins* (89 NY2d 872 [1996]) declined

to adopt (*see People v Moore*, 61 AD3d 494 [2009], *lv denied* 12 NY3d 918 [2009]; *People v Cox*, 19 Misc 3d 1129[A], 2007 NY Slip Op 52553[U] [Sup Ct, NY County 2007]).

The court properly exercised its discretion in denying defendant's CPL 440 motion without holding a hearing, since the trial record and defendant's submissions on the motion were sufficient to establish that the motion was without merit (*see* CPL 440.30 [2]; *People v Satterfield*, 66 NY2d 796, 799-800 [1985]; *People v Jon*, 26 AD3d 245 [2006], *lv denied* 6 NY3d 849 [2006]).

We have considered and rejected defendant's pro se arguments. Concur—Mazzarelli, J.P., Sweeny, Renwick, Freedman and Román, JJ.