■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MELVIN F. GAINER III, Appellant. [901 NYS2d 426]—Peters, J. Appeals (1) from a judgment of the County Court of Chemung County (Buckley, J.), rendered February 11, 2008, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the third degree, and (2) by permission, from an order of said court, entered May 4, 2009, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.

In satisfaction of a two-count indictment, defendant pleaded guilty to criminal possession of a controlled substance in the third degree and was sentenced to four years in prison followed by two years of postrelease supervision. Thereafter, defendant made a pro se motion pursuant to CPL 440.10 to vacate the judgment of conviction on the ground that he was denied the effective assistance of counsel because his attorney failed to seek

dismissal of the indictment on the basis of an allegedly meritorious statutory speedy trial claim (*see* CPL 30.30 [1]). County Court denied that motion without a hearing. Defendant now appeals from both the judgment of conviction and, by permission, the order denying his CPL article 440 motion.

We note preliminarily that the People announced their readiness for trial within six months of the commencement of the criminal action and the record reveals no postreadiness delay chargeable to the prosecution (*see* CPL 30.30 [1]; *see generally People v Robinson*, 67 AD3d 1042, 1044-1045 [2009], *lv denied* 13 NY3d 910 [2009]). Accordingly, County Court properly denied defendant's CPL article 440 motion.

Turning to defendant's direct appeal from the judgment of conviction, defendant's sole claim is that he was denied the effective assistance of counsel during the grand jury proceedings. Contrary to his assertion, however, the record reveals that he was assigned counsel before evidence was presented to the grand jury (*compare People v Lincoln*, 80 AD2d 877, 877 [1981]) and, more importantly, at no point throughout the entire criminal action did defendant express a desire to have testified before the grand jury or move to dismiss the indictment on the basis that he had not been afforded reasonable notice of the grand jury proceedings pursuant to CPL 190.50 (5) (a) (*see People v Thomas*, 60 AD3d 1341, 1342 [2009], *lv denied* 12 NY3d 921 [2009]; *cf. People v Fields*, 258 AD2d 593, 593-594 [1999]). Nevertheless, to the extent that defendant's argument may be construed as asserting that counsel failed to advise him of his right to testify before the grand jury, such failure, without more, does not warrant a finding that he was denied the effective assistance of counsel (*see People v Simmons*, 10 NY3d 946, 949 [2008]; *People v Scudds*, 62 AD3d 1165, 1166-1167 [2009], *lv denied* 12 NY3d 929 [2009]; *People v Weis*, 56 AD3d 900, 901-902 [2008], *lv denied* 12 NY3d 763 [2009]). Moreover, defendant does not claim that the outcome would have been different had he testified before the grand jury (*see People v Simmons*, 10 NY3d at 949; *People v Hodges*, 246 AD2d 824, 826 [1998]) and, indeed, the record as a whole clearly demonstrates that defendant was afforded meaningful representation (*see People v Scudds*, 62 AD3d at 1167).

Cardona, P.J., Mercure, Kavanagh and Garry, JJ., concur. Ordered that the judgment and order are affirmed.