■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STACY LASHER, Appellant. [902 NYS2d 262]—

Spain, J. Appeal from a judgment of the Supreme Court (Milano, J.), rendered May 30, 2008 in Schenectady County, upon a verdict convicting defendant of the crimes of burglary in the third degree and attempted petit larceny.

Defendant was arrested and charged with burglary in the third degree and attempted petit larceny after being found by police in a building under renovation located in the City of Schenectady, Schenectady County. Defendant claimed that he had come to the building to look for work, and had entered through the basement window to use the bathroom. Defendant was subsequently indicted for these crimes; he did not file a notice of intent to testify before the grand jury proceeding (*see* CPL 190.50 [5]) and did not so testify. At his initial appearance in County Court (Drago, J.) at which defendant was to be arraigned on the indictment, defendant claimed* that counsel had disregarded his request to testify before the grand jury and requested the assignment of new counsel. Counsel replied on the record that his strategy had been to negotiate a favorable

---

* Defendant also asserted that, when arraigned in local criminal court represented by prior counsel, he had signed a notice of intent to testify before the grand jury, but did not allege that it had been filed or given to counsel.

plea prior to an indictment and he had discussed with defendant his desire to testify at the grand jury, which counsel advised against, believing it "might do him more harm . . . than good."

County Court appointed substitute counsel, who thereafter moved pursuant to CPL 190.50 (5) to dismiss the indictment based upon defendant's affidavit asserting that counsel's failure to abide his request to file a notice of intent to testify deprived him of his right to testify. County Court denied the motion. A jury trial was held in Supreme Court, at which defendant pursued the defense theory that defendant lacked any intent to commit a crime inside the building. Defendant did not testify. Convicted as charged, defendant was sentenced as a second felony offender to a prison term of $3^1/_2$ to 7 years. Defendant appeals, solely arguing that counsel's failure to file a notice of intent to testify before the grand jury operated to deprive him of the effective assistance of counsel.

We affirm. Initially, as a factual matter, the record is not clear whether counsel and defendant reached an agreement regarding whether defendant would testify before the grand jury, i.e., whether defendant heeded counsel's advice against it or counsel overrode defendant's request to so testify. No evidentiary hearing was held on defendant's CPL 190.50 (5) motion to dismiss the indictment (*cf. People v Weis*, 56 AD3d 900, 902 [2008], *lv denied* 12 NY3d 763 [2009]; *People v Dickens*, 259 AD2d 450, 451 [1999], *lv denied* 93 NY2d 1002 [1999]), and County Court did not resolve this issue, as its holding denying dismissal was limited to the conclusion that the decision whether a defendant testifies before the grand jury is a strategic one made by defense counsel. Thus, these factual allegations are outside the record on appeal and could only be determined in a motion pursuant to CPL 440.10 (1) (f) (*see e.g. People v Scudds*, 62 AD3d 1165, 1166 [2009], *lv denied* 12 NY3d 929 [2009]; *People v Weis*, 56 AD3d at 902).

Even assuming the facts to be as defendant claims, however, "failure of defense counsel to facilitate defendant's testimony before the grand jury does not, per se, amount to the denial of effective assistance of counsel" (*People v Simmons*, 10 NY3d 946, 949 [2008]; *see People v Wiggins*, 89 NY2d 872, 873 [1996]; *People v Santiago*, 72 AD3d 492, 492-493 [2010]; *People v Perez*, 67 AD3d 1324, 1325 [2009], *lv denied* 13 NY3d 941 [2010]; *People v Scudds*, 62 AD3d at 1166-1167; *People v Weems*, 61 AD3d 472 [2009], *lv denied* 13 NY3d 750 [2009]; *People v Weis*, 56 AD3d at 902). In contrast to a defendant's right to testify at trial, a defendant's right to testify before the grand jury is a limited statutory right (*see People v Smith*, 87 NY2d 715, 719 [1996]; *People*

*v Santiago*, 72 AD3d at 492-493). The fact that a defense counsel's strategic decision not to facilitate a defendant's desire to testify at the grand jury does not constitute per se error *(see People v Simmons, supra*; *People v Wiggins, supra)* strongly supports the conclusion that—unlike certain fundamental decisions as whether to testify at trial, which are reserved to the defendant *(see People v White*, 73 NY2d 468, 478 [1989], *cert denied* 493 US 859 [1989]; *People v Ferguson*, 67 NY2d 383, 390 [1986]; *see also Jones v Barnes*, 463 US 745, 751 [1983]; *People v Rosen*, 81 NY2d 237, 244 [1993]; *People v Parker*, 290 AD2d 650, 651 [2002], *lv denied* 97 NY2d 759 [2002])—with respect to "strategic and tactical decisions" like testifying before the grand jury, defendants represented by counsel "are deemed to repose decision-making authority in their lawyers" *(People v Colon*, 90 NY2d 824, 826 [1997]).

Under the circumstances of this case, defendant has not shown "that he was prejudiced by the failure of his attorney to effectuate his [intentions or] appearance before the grand jury [and] . . . there is no claim that had he testified in the grand jury, the outcome would have been different" *(People v Simmons*, 10 NY3d at 949; *accord People v Santiago*, 72 AD3d at 492; *see People v Weems*, 61 AD3d at 472). The record demonstrates that, prior to being relieved, counsel provided meaningful representation, repeatedly meeting with defendant at the jail before the grand jury met and advised him how best to proceed; counsel worked to negotiate a favorable preindictment plea agreement while making a sound strategic decision that defendant should not testify before the grand jury *(see People v Henry*, 95 NY2d 563, 565 [2000]; *People v Wiggins*, 89 NY2d at 873; *People v Scudds*, 62 AD3d at 1167). Further, substitute counsel—whose effectiveness defendant does not challenge—was appointed and represented defendant on the CPL 190.50 motion *(see People v Dickens*, 259 AD2d at 451), affording him a full opportunity to demonstrate prejudice, which he failed to do. Thus, defendant's contention lacks merit.

Cardona, P.J., Stein, McCarthy and Egan Jr., JJ., concur. Ordered that the judgment is affirmed.