13-1137-pr
*McCray v. New York*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of July, two thousand fourteen.

PRESENT:  BARRINGTON D. PARKER,
          DEBRA ANN LIVINGSTON,
          CHRISTOPHER F. DRONEY,
                    *Circuit Judges*.

---

JOSEPH MCCRAY,

        *Petitioner-Appellant*,

  - v. -                                             No. 13-1137-pr

STATE OF NEW YORK, DEPARTMENT OF PAROLE,

        *Respondent-Appellee*.

---

        SALLY WASSERMAN, New York, NY, *for Petitioner-Appellant*.

        CAMILLE O'HARA GILLESPIE (Leonard Joblove, Ann Bordley, *on the brief*), Assistant District Attorneys, *for* Kenneth P. Thompson, District Attorney, Kings County, Brooklyn, NY, *for Respondent-Appellee*.

1

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Petitioner-Appellant Joseph McCray appeals from a judgment of the United States District Court for the Eastern District of New York (Dearie, *J.*), entered February 21, 2013. The district court denied McCray's petition for habeas corpus, which was premised on a claim of ineffective assistance of trial counsel. McCray contends that his lawyer should have moved to dismiss the indictment in McCray's underlying state criminal case due to the allegedly improper size of the grand jury that issued the indictment. In that case, McCray was convicted after a jury trial of grand larceny, criminal possession of a forged instrument, falsifying business records, offering a false instrument for filing, criminal mischief, and criminal trespass, and was sentenced in October 2006 to four to twelve years' imprisonment on the top count, with lesser sentences on the other counts to run concurrently. His conviction was affirmed by the Appellate Division, and leave to appeal to the Court of Appeals was denied. McCray's motion under New York Criminal Procedure Law § 440.10 was also denied by the state court, and the Appellate Division denied leave to appeal the decision. McCray was released from state prison in November 2009 and discharged from parole in November 2011. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.[1]

---

[1] As a preliminary matter, we note that McCray has been released from prison and is also no longer serving a term of parole. However, he nonetheless meets the statutory requirement that he was "in custody" at the time of the filing of his petition, 28 U.S.C. § 2254(a), because he was then on state parole, *see Maleng v. Cook*, 490 U.S. 488, 490-91 (1989) (citing *Jones v. Cunningham*, 371 U.S. 236, 242 (1963)). Moreover, because McCray challenges his conviction, his petition is not mooted by his release from custody and parole supervision. *See Wilson v. Mazzuca*, 570 F.3d 490, 493 n.1 (2d Cir. 2009) (citing *Sibron v. New York*, 392 U.S. 40, 57 (1968)).

I.

The federal habeas corpus statute generally requires a petitioner for a writ of habeas corpus to show that he has "exhausted the remedies available in the courts of the State" in order for the writ to be granted. 28 U.S.C. § 2254(b)(1)(A). "Exhaustion of state remedies requires that a petitioner fairly present federal claims to the state courts in order to give the state the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Carvajal v. Artus*, 633 F.3d 95, 104 (2d Cir. 2011) (quoting *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (per curiam)) (brackets and internal quotation marks omitted). Even if a claim was not exhausted, however, the habeas statute permits a petition to "be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(2); *see also Abuzaid v. Mattox*, 726 F.3d 311, 321-22 & n.8 (2d Cir. 2013).

Like the district court, we are inclined to think that McCray has exhausted his state remedies on his claim of ineffectiveness due to his counsel's failure to object to the allegedly oversized grand jury: he attempted to present this claim in his *pro se* motion under New York Criminal Procedure Law § 440.10. But we need not decide this question because, in any event, McCray's petition was properly denied on the merits. *See* 28 U.S.C. § 2254(b)(2).

II.

To prevail on a claim of ineffective assistance of counsel, a defendant must demonstrate both (1) that counsel's performance was "deficient" as measured by an "objective standard of reasonableness," and (2) that "the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). On the first prong, "[a] court considering a claim of ineffective assistance must apply a strong presumption that counsel's representation was within the

3

wide range of reasonable professional assistance." *Harrington v. Richter*, 131 S. Ct. 770, 787 (2011) (internal quotation marks omitted). With respect to the second element, "a challenger must demonstrate a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* (internal quotation marks omitted). "[A] petitioner cannot show prejudice if the claim or objection that an attorney failed to pursue lacks merit." *Harrington v. United States*, 689 F.3d 124, 130 (2d Cir. 2012) (citations omitted).

We conclude that McCray's claim fails on the second prong because he cannot show that prejudice resulted from any error that his counsel may have committed by failing to object to a grand jury composed of more members than are permitted under New York state law. The Supreme Court has never held that state criminal defendants enjoy a federal constitutional right to an indictment. *See Alexander v. Louisiana*, 405 U.S. 625, 633 (1972). The right to indictment in a New York state court prosecution stems from the state constitution, and the particulars of New York grand jury practice are laid out in state law. *See* N.Y. Const. art. I, § 6; N.Y. Crim. Proc. Law art. 190. Given the evidence at McCray's trial and his subsequent conviction by a petit jury, there is not a reasonable probability that the result of the proceeding would have been different had his attorney objected to the allegedly oversized grand jury. *See People v. Wiggins*, 675 N.E.2d 845, 845-46 (N.Y. 1996) (stating that the court would not "elevate the kind of representational lapse" that may have precluded a criminal defendant from testifying in his grand jury proceeding "to an automatic delayed reversal device," given that he had been convicted by jury verdict); *see also United States v. Mechanik*, 475 U.S. 66, 70 (1986) (holding that "any error in the grand jury proceeding connected with the charging decision was harmless beyond a reasonable doubt" where a petit jury had convicted the defendants

4

beyond a reasonable doubt).  Accordingly, McCray cannot show prejudice under *Strickland*, and thus his petition for habeas corpus must be denied.

We have considered all of McCray's remaining arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk