*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:   July 2, 2015                      105769
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,

        v                                      MEMORANDUM AND ORDER

JOSUE GONZALEZ,
                        Appellant.
_____


Calendar Date:   June 3, 2015

Before:   Peters, P.J., McCarthy, Egan Jr. and Rose, JJ.

                         _____


        Craig Meyerson, Latham, for appellant, and appellant
pro se.

        D. Holley Carnright, District Attorney, Kingston (Joan
Gudesblatt Lamb of counsel), for respondent.

                         _____


Egan Jr., J.

        Appeal from a judgment of the County Court of Ulster County
(Williams, J.), rendered February 13, 2013, convicting defendant
upon his plea of guilty of the crimes of criminal contempt in the
first degree and tampering with a witness in the third degree.

        As a result of a domestic violence incident, defendant was
charged in a 10-count indictment with various crimes, including
criminal contempt in the first degree, tampering with a witness
in the third degree and criminal obstruction of breathing or
blood circulation.  Defendant subsequently pleaded guilty to one
count of criminal contempt in the first degree and tampering with
a witness in the third degree in exchange for a proposed sentence
of six months in jail followed by a five-year term of probation.

During the plea proceedings, County Court admonished defendant that, if he failed to cooperate with the Probation Department in preparing a presentence investigation report or was charged with any new offenses, the court would not be bound by the sentencing agreement. Thereafter, defendant, among other things, was arrested on new charges, resulting in a hearing to determine whether he violated the conditions of the plea agreement. At that hearing, defendant's pro se motions to withdraw his plea upon the ground that it was involuntary and to dismiss the indictment based upon the failure of defense counsel to facilitate his testimony before the grand jury were denied. At the conclusion of the hearing, County Court found that defendant indeed had violated the conditions of the plea agreement and imposed an enhanced sentence of consecutive prison terms of 1⅓ to 4 years. This appeal ensued.

Defendant initially contends that his plea was involuntary in that he would not have pleaded guilty but for defense counsel's ineffective assistance in failing to honor his request to testify before the grand jury. Although the record establishes that, at a preliminary hearing, defense counsel gave oral notice of defendant's intention to testify before the grand jury, defendant acknowledges in his pro se submission that, upon the advice of counsel, he waived his appearance before the grand jury. In any event, even though defendant now disagrees with that advice, a defendant is not, per se, denied the effective assistance of counsel by the failure of defense counsel to facilitate his or her desire to testify before the grand jury (see People v Simmons, 10 NY3d 946, 949 [2008]). To that end, with regard to "strategic and tactical decisions like testifying before the grand jury, [a] defendant[] represented by counsel [is] deemed to repose decision-making authority in [his or her] lawyer[]" (People v Lasher, 74 AD3d 1474, 1476 [2010], lv denied 15 NY3d 894 [2010] [internal quotation marks and citations omitted]). Moreover, defendant has not shown that any prejudice resulted from his lack of appearance before the grand jury or that the outcome would have been different had he testified (see People v Simmons, 10 NY3d at 949; People v Carlton, 120 AD3d 1443, 1444 [2014], lv denied ___ NY3d ___ [May 3, 2015]). In view of this, and given that a review of the record establishes that defendant received meaningful representation throughout the

course of the proceedings, we are unpersuaded that defendant's plea was involuntary due to any alleged ineffective assistance of counsel (see People v Carlton, 120 AD3d at 1444; People v Sylvan, 108 AD3d 869, 870 [2013], lv denied 22 NY3d 1091 [2014]).

As to the balance of defendant's voluntariness claim, a review of the plea colloquy fails to reflect that defendant's guilty plea was anything other than knowing, voluntary and intelligent.  To the extent that defendant challenges the imposition of both the presentence conditions as part of the agreement and the enhanced sentence, we note that defendant explicitly agreed to the conditions set forth by County Court without objection and was informed of the maximum sentence that could be imposed absent the plea agreement (see People v Thomas, 81 AD3d 997, 998 [2011], lv denied 16 NY3d 900 [2011]; People v Coffey, 77 AD3d 1202, 1203-1204 [2010], lv denied 18 NY3d 882 [2012]).  Defendant's remaining contentions, including those raised in his pro se brief, have been reviewed and found to be without merit.

Peters, P.J., McCarthy and Rose, JJ., concur.

ORDERED that the judgment is affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court