■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILFREDO CINTRON, Appellant. [25 NYS3d 132]—

Judgment, Supreme Court, New York County (Ronald A. Zweibel, J.), rendered June 19, 2014, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the fifth degree, and sentencing him, as a second felony drug offender, to a term of two years, unanimously affirmed.

The verdict, which rejected defendant's agency defense, was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's credibility determinations. The evidence does not warrant the conclusion that defendant was doing a "favor" for a total stranger (*see People v Chong*, 45 NY2d 64, 75 [1978], *cert denied* 439 US 935 [1978]). Among other things, the evidence provided no explanation "as to why the [purchaser] needed or wanted to be represented by an 'agent' instead of simply buying his own drugs" (*People v Vaughan*, 300 AD2d 104, 104 [2002], *lv denied* 99 NY2d 633 [2003]).

The court properly denied defendant's motion to dismiss the indictment, made on the ground that he was deprived of his right to testify before the grand jury when, against defendant's wishes, his counsel withdrew defendant's notice of intent to testify. We decline to revisit our prior holdings (*see People v Brown*, 116 AD3d 568 [1st Dept 2014], *lv denied* 24 NY3d 1001 [2014]; *People v Santiago*, 72 AD3d 492 [1st Dept 2010], *lv denied* 15 NY3d 757 [2010]) that the right to testify before the grand jury is not among the rights reserved to a defendant, but is among the rights whose exercise is a strategic decision requiring "the expert judgment of counsel" (*People v Colville*, 20 NY3d 20, 32 [2012]). Concur—Mazzarelli, J.P., Renwick, Manzanet-Daniels and Kapnick, JJ.