People v Ronk (2018 NY Slip Op 01502)





People v Ronk


2018 NY Slip Op 01502


Decided on March 8, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 8, 2018

107296

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
DARREN W. RONK, Appellant.

Calendar Date: January 16, 2018

Before: McCarthy, J.P., Lynch, Devine, Clark and Rumsey, JJ.


Norbert A. Higgins, Binghamton, for appellant.
Stephen K. Cornwell Jr., District Attorney, Binghamton (Nicole Valentina Romano of counsel), for respondent.


McCarthy, J.P.

MEMORANDUM AND ORDER
Appeal from a judgment of the County Court of Broome County (Smith, J.), rendered September 25, 2014, upon a verdict convicting defendant of the crimes of aggravated unlicensed operation of a motor vehicle in the first degree, driving while intoxicated, criminal mischief in the fourth degree and resisting arrest.
Defendant was arrested for, among other things, aggravated unlicensed operation of a motor vehicle in the first degree. After extended plea negotiations, the People notified defendant's counsel of a grand jury presentation scheduled for the following week. Counsel sent the People a letter indicating that she had difficulty contacting defendant because he had been moved from the local jail, and stating that she had received inconsistent
information from defendant, including a letter from him speaking about accepting a plea offer and also indicating that he would like to be produced for the grand jury. The next day, counsel sent the People a second letter stating that she did not have any better answer from defendant but felt he should be brought back to preserve his right to testify at the grand jury, and asking that a transport order be arranged for that purpose. The People presented the case to the grand jury without defendant's testimony and obtained an indictment.
Defendant moved to dismiss the indictment, alleging that the People improperly presented the case to a grand jury without affording him an opportunity to appear and testify even though he had requested to do so in writing. County Court denied the motion. Following trial, defendant was convicted of aggravated unlicensed operation of a motor vehicle in the first degree, driving while intoxicated, criminal mischief in the fourth degree and resisting arrest. [*2]County Court imposed a prison sentence of 1&frac13; to 4 years for defendant's conviction of aggravated unlicensed operation of a motor vehicle and concurrent terms of one year in jail for his misdemeanor convictions. Defendant appeals.
County Court did not err in denying defendant's motion to dismiss the indictment. A court may dismiss an indictment if the defendant had previously served the People with written notice of his or her intent to testify before the grand jury but was not permitted to so testify (see 190.50 [5]; CPL 210.35 [4]). The request or notice to the People must unequivocally inform them of the defendant's intention to testify (see People v Argentieri, 66 AD3d 558, 559 [2009], lv denied 14 NY3d 769 [2010]; see also People v Harris, 150 AD2d 723, 724 [1989]). The defendant bears the burden of establishing that he or she provided the People with the required notice (see People v Torres, 14 AD3d 801, 802 [2005], lv denied 4 NY3d 836 [2005]).
Here, counsel's letters expressed her uncertainty regarding defendant's wishes and, as County Court concluded, the "request to produce the defendant was not to effect his testimony before the [g]rand [j]ury, it was to resolve the equivocation on whether he wanted to testify." Counsel did not provide the People with the letter that she had received from defendant, and her description of it did not definitively convey that defendant wanted to testify. Because defendant did not establish that he provided the People with a clear request that he be allowed to testify before the grand jury, they were not required to arrange for his appearance as a witness (see id.). Thus, the court properly denied defendant's motion to dismiss the indictment.
Defendant has not demonstrated that counsel's failure to secure his testimony before the grand jury constituted a deprivation of the effective assistance of counsel. "[F]ailure of defense counsel to facilitate defendant's testimony before the grand jury does not, per se, amount to the denial of effective assistance of counsel" (People v Simmons, 10 NY3d 946, 949 [2008]; see People v Wiggins, 89 NY2d 872, 873 [1996]; People v Lasher, 74 AD3d 1474, 1475-1476 [2010], lv denied 15 NY3d 894 [2010]). Defendant has not shown that he was prejudiced by counsel's failure to effectuate his appearance before the grand jury, he offers only speculation that the outcome in the grand jury would have been different had he testified, and we note that defendant did not testify at trial (see People v Simmons, 10 NY3d at 949; People v Soler, 100 AD3d 1554, 1554 [2012], lv denied 20 NY3d 1104 [2013]; People v Lasher, 74 AD3d at 1476). Accordingly, defendant has not established that he was deprived of meaningful representation.
Lynch, Devine, Clark and Rumsey, JJ., concur.
ORDERED that the judgment is affirmed.