The People of the State of New York, Respondent,
against
Lee Levingston, Defendant-Appellant.




Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (Kate Paek, J.), rendered May 2, 2018, after a jury trial, convicting him of forcible touching and sexual abuse in the third degree, and imposing sentence.




Per Curiam.
Judgment of conviction (Kate Paek, J.), rendered May 2, 2018, affirmed.
The verdict convicting defendant of forcible touching (see Penal Law § 130.52[2]) and sexual abuse in the third degree (see Penal Law § 130.55) was not against the weight of the evidence (see People Danielson, 9 NY3d 342 [2007]). There is no basis for disturbing the jury's determinations concerning credibility. The testimony of the victim, as corroborated by the testimony of two plain-clothes police officers who witnessed the incident, established that defendant positioned himself directly behind the victim on a subway car and then thrust his groin and erect penis against her back and buttocks in a "humping" motion.
The court's summary denial of defendant's speedy trial motion, without a response from the People, was harmless, since our review of the minutes of the January 25, 2018 appearance in question establishes that the time chargeable to the People was less than 90 days (see People v Dickens, 259 AD2d 450 [1999], lv denied 93 NY2d 1002 [1999]). In this regard, defendant claims the People were chargeable with 95 days, including the entire 48 day period between the January 25, 2018 denial of his omnibus motion and the scheduled date for hearings and trial. However, the People were entitled to a reasonable time to prepare for hearings and trial following the denial of defendant's omnibus motion (see People v Green, 90 AD2d 705 [1982], lv denied 58 NY2d 784 [1982]), and therefore, would have been entitled to at least 5 days of excludable time following the denial of that motion (see People v Garay, 158 AD3d 508 [2018], lv denied 31 NY3d 1081 [2018]).
Defendant failed to preserve his present challenge to the trial court's jury instruction on the definition of sexual contact, since he did not raise the issue at trial, and we decline to review [*2]it in the interest of justice (see People v Khan, 112 AD3d 507 [2013], lv denied 22 NY3d 1157 [2014]; People v Whitecloud, 110 AD3d 626 [2013], lv denied 22 NY3d 1142 [2014]). As an alternative holding, we reject it on the merits. The court's instructions included all the elements of the crimes charged. Given the trial evidence, there is no reasonable possibility that the jury convicted defendant on any factual theory other than the one alleged in the information.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concurI concurI concur
Decision Date: February 24, 2020