People v Williams (2020 NY Slip Op 03749)





People v Williams


2020 NY Slip Op 03749


Decided on July 2, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 2, 2020

Manzanet-Daniels, J.P., Gische, Kern, Oing, González, JJ.


509/16

[*1]11763 The People of the State of New York, Respondent,
v
Leroy Williams, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Emilia King-Musza of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Vincent Rivellese of counsel), for respondent.



Judgment, Supreme Court, New York County (Neil E. Ross, J. at dismissal motion; Michael J. Obus, J. at jury trial and sentencing), rendered May 10, 2018, convicting defendant of attempted robbery in the second degree, and sentencing him, as a second felony offender, to a term of three years, unanimously affirmed.
The verdict was based on legally sufficient evidence and was not against the weight of the evidence (see People v Danielson, 9 NY3d 342 [2007]). The sequence of events, viewed in its entirety, supports the conclusion that defendant intentionally aided three other men in an attempt to rob the victim (see Penal Law § 20.00; People v Kelley, 162 AD3d 524 [1st Dept 2018], lv denied 32 NY3d 938 [2018]). Among other things, defendant, in the victim's words, "advised" him to surrender his money to defendant's more aggressive companions. The jury could have reasonably interpreted this as a thinly veiled threat, and could reasonably have concluded that defendant was merely playing the role of "good robber" while his companions acted as the "bad robbers." Furthermore, defendant helped his companions scare away two passersby who sought to intervene.
Defendant's claim that his initial attorney rendered ineffective assistance by failing to effectuate his client's desire to testify before the grand jury is unavailing (see People v Simmons, 10 NY3d 946, 949 [2008]; People v Wiggins, 89 NY2d 872 [1996]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JULY 2, 2020
CLERK