## Supreme Court, Appellate Division
### Third Judicial Department

Decided and Entered:  October 30, 2014                    105689
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                    Respondent,

        v                                    MEMORANDUM AND ORDER

FRANK SORIANO,
                    Appellant.
_____

Calendar Date:  September 4, 2014

Before:  Peters, P.J., Stein, Garry, Lynch and Devine, JJ.

_____

        Gerard V. Amedio, Saratoga Springs, for appellant.

        Stuart M. Cohen, Special Prosector, Rensselaer, for
respondent.

_____

Stein, J.

        Appeal from a judgment of the County Court of Saratoga
County (Scarano, J.), rendered November 28, 2012, upon a verdict
convicting defendant of the crimes of assault in the second
degree and criminal possession of a weapon in the fourth degree.

        On September 10, 2011, defendant and the victim were
traveling in their separate vehicles and were involved in a minor
collision.  After defendant and the victim stopped their
respective vehicles on the shoulder of the road, a physical
altercation ensued and, at some point therein, defendant slashed
and/or stabbed the unarmed victim multiple times with a dagger
that had a two-inch blade.  As a result of his injuries, the
victim was airlifted to a hospital where he was treated for his
wounds and severe blood loss.

Defendant was subsequently arrested and indicted on charges of assault in the first and second degrees, attempted assault in the first degree and criminal possession of a weapon in the fourth degree. Following a jury trial, defendant was convicted of assault in the second degree and criminal possession of a weapon in the fourth degree and was thereafter sentenced to a prison term of five years, to be followed by three years of postrelease supervision, and a concurrent one-year term of incarceration, respectively. Defendant now appeals, and we affirm.

Initially, we reject defendant's argument that his conviction of assault in the second degree was against the weight of the evidence because the People failed to establish that the victim sustained a serious physical injury. Such conviction was premised on defendant causing physical injury to the victim "by means of a deadly weapon or a dangerous instrument" (Penal Law § 120.05 [2]),[1] which only requires proof that defendant caused physical injury,[2] not serious physical injury (see Penal Law § 120.05 [2]). Here, the proof provided by the People established that defendant intentionally used a dangerous instrument and/or deadly weapon — specifically, a dagger[3] — to cause physical injury to the victim, and we discern no basis to conclude that the jury's verdict was against the weight of the evidence (see People v Taylor, 118 AD3d 1044, 1045-1047 [2014],

---

[1]  The statutory definition of a deadly weapon includes a dagger (see Penal Law § 10.00 [12]), and a dangerous instrument is defined as "any instrument, article or substance . . . which, under the circumstances in which it is used, attempted to be used or threatened to be used, is readily capable of causing death or other serious physical injury" (Penal Law § 10.00 [13]).

[2]  Physical injury is defined as "impairment of physical condition or substantial pain" (Penal Law § 10.00 [9])

[3]  Indeed, defense counsel concedes that the weapon defendant used was a dagger and specifically informed County Court at trial that he was not objecting to the court's instruction that a dagger was a "deadly weapon."

lv denied 23 NY3d 1043 [2014]; People v Francis, 83 AD3d 1119, 1122 [2011], lv denied 17 NY3d 806 [2011]).

Defendant also challenges the weight of the evidence supporting his conviction of criminal possession of a weapon in the fourth degree, which, as relevant here, required proof that defendant possessed a "dagger, dangerous knife . . . or any other dangerous or deadly instrument or weapon with intent to use the same unlawfully against another" (Penal Law § 265.01 [2]). While defendant conceded that he possessed a dagger and used it against the victim, causing him physical injury, defendant argues that the proof was insufficient to establish his intent to use the dagger unlawfully. Despite defendant's testimony that he struck the victim because the victim was repeatedly hitting him and defendant believed that the victim was going to kill him, it was within the jury's province to credit the testimony of the victim and the eyewitnesses that would support a contrary conclusion (see People v Bailey, 111 AD3d 1310, 1312 [2013], lv denied 23 NY3d 1018 [2014]; People v Brown, 100 AD3d 1035, 1036-1037 [2012], lv denied 20 NY3d 1009 [2013]; People v Britton, 27 AD3d 1014, 1015 [2006], lv denied 6 NY3d 892 [2006]). Further, defendant's unlawful intent may be inferred from his actions, including the use of the weapon, and the surrounding circumstances (see People v Molina, 79 AD3d 1371, 1376 [2010], lv denied 16 NY3d 861 [2011]). Thus, when we view the evidence in a neutral light and accord deference to the jury's "opportunity to view the witnesses, hear the testimony and observe demeanor" (People v Molina, 79 AD3d at 1376 [internal quotation marks and citations omitted]), we find that the jury's verdict is not against the weight of the evidence.

We are unpersuaded by defendant's assertion that County Court committed reversible error by refusing to permit him to introduce into evidence statements that he made to the state trooper who responded to the scene of the incident with respect to defendant's belief that he was defending himself against the victim. At trial, the People informed County Court that they did not intend to offer any statements made by defendant to law enforcement, and County Court denied defendant's request to elicit the statements at issue because they were exculpatory hearsay that did not fall within an exception to the hearsay

rule.  Under the circumstances, and given the testimony of the responding officer with respect to defendant's demeanor at the time the statements were made, we cannot say that County Court abused its "wide discretion" in determining that the statements did not constitute an excited utterance (People v Carroll, 95 NY2d 375, 385 [2000]).  Nor did such statements fall within the state of mind exception to the hearsay rule.  Indeed, inasmuch as "the only relevancy of defendant's statement[s] would have been to support his justification defense," the statements were "inadmissible self-serving hearsay" (People v Reynoso, 73 NY2d 816, 819 [1988]) and were, therefore, properly excluded.

However, notwithstanding the People's prior assurance, the People proceeded to directly elicit from the trooper a small portion of defendant's statements.  Even assuming that County Court erred in refusing to permit defendant to then elicit testimony that would have completed the exchange between him and the trooper, when we consider the overwhelming evidence of defendant's guilt – including the testimony of numerous eyewitnesses, none of whom had any apparent relationship with either defendant or the victim – coupled with the fact that defendant testified extensively as to his subjective fear for his life during the altercation, we find that such error was harmless in that there is no significant probability that the verdict would have been different in the absence thereof (see People v Byer, 21 NY3d 887, 889 [2013]; People v Crimmins, 36 NY2d 230, 241-242 [1975]).

Defendant's claim that he was denied a fair trial based on remarks made by the victim during cross-examination is without merit.  There is no question that the challenged statements were inappropriate, inflammatory and, to some extent, prejudicial.  During cross-examination, both the People and County Court made repeated attempts to re-direct the victim and to limit his responses to counsel's questions.  On the other hand, defense counsel neither objected to the victim's statements, nor requested that they be stricken or that County Court provide curative instructions.  To the contrary, during closing argument, defense counsel focused on the victim's improper and erratic behavior during cross-examination in an attempt to have the jury question the victim's anger issues and how these issues could

have manifested themselves during the incident with defendant. For example, the victim's nonresponsive comments could be viewed as indicating, among other things, that the victim was quick to anger, that he had the ability to inflict serious physical injury and that he harbored racial and ethnic prejudices, both generally and specifically against defendant.  Thus, it is readily apparent that defense counsel's decision to use the victim's comments to defendant's benefit was strategic and tactical, a decision which this Court will not second-guess (cf. People v Terry, 85 AD3d 1485, 1488-1489 [2011], lv denied 17 NY3d 862 [2011]).

County Court properly declined to charge the jury with assault in the third degree — which does not require the use of a dangerous instrument or deadly weapon (see Penal Law § 120.00 [1]) — as a lesser included offense.  As the evidence clearly established defendant's use of the dagger, there is no reasonable view of the evidence that would have supported an instruction as to the lesser included offense (see People v Brown, 100 AD3d at 1037).  To the extent that defendant now raises additional arguments in support of the lesser included charge that were not raised before the trial court, they are unpreserved (see CPL 470.05 [2]) and, in any event, are without merit.

As to the assault charge, defendant's related claim that County Court improperly denied his request to provide the jury with a charge of justification by means of ordinary, as opposed to deadly, physical force is also unavailing.  The evidence, even when viewed in a light most favorable to defendant, did not support a charge of ordinary physical force, as defendant's use of the dagger was deadly because it was "readily capable of causing death or other serious physical injury" (Penal Law § 10.00 [11]; see People v Taylor, 118 AD3d at 1047).  Defendant's further challenge to the justification charge as it was given to the jury was not preserved by an appropriate request or objection (see People v Rankin, 117 AD3d 1231, 1233-1234 [2014]; People v Hawkins, 110 AD3d 1242, 1244 [2013], lv denied 22 NY3d 1041 [2013]).  County Court also properly denied defendant's request for a justification charge with respect to the charge of criminal possession of a weapon in the fourth degree (see People v Pons, 68 NY2d 264, 267 [1986]).  We have examined defendant's remaining contentions and, to the extent not specifically addressed herein,

find them to be without merit.

Peters, P.J., Garry, Lynch and Devine, JJ., concur.


ORDERED that the judgment is affirmed.




ENTER:

Robert D. Mayberger
Clerk of the Court