*1230 Lynch, J.
Appeals (1) from a judgment of the County Court of Sullivan County (McGuire, J.), rendered November 15, 2012, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the fourth degree, and (2) by permission, from an order of said court, entered April 2, 2013, which denied defendant’s motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.
Defendant was charged in a single count indictment with criminal possession of a controlled substance in the fourth degree stemming from his arrest at the mobile home of Joseph Orrego. On August 29, 2012, defendant pleaded guilty to the charge and waived his right to appeal. Prior to sentencing, defendant moved to withdraw his plea and for the assignment of new counsel. County Court denied the motion except to the extent of assigning new counsel for purposes of sentencing. Defendant was then sentenced to the agreed-upon prison term of 4V2 years followed by three years of postrelease supervision. His motion to vacate the judgment of conviction pursuant to CPL 440.10 was denied without a hearing. Defendant now appeals from the judgment of conviction and, by permission, from the order denying his CPL 440.10 motion.
Despite the fact that defendant’s waiver of his right to appeal was otherwise valid, we agree that defendant’s plea — the terms of which included defendant’s waiver of his right to appeal — was not knowing and therefore must be vacated. As to this argument, defendant maintains that his plea should be vacated because his counsel, the People and County Court all erred in addressing his eligibility for a shock incarceration program (see Correction Law art 26-A). Initially, a claim of ineffective assistance of counsel survives a valid appeal waiver “to the extent that a defendant alleges that counsel’s ineffectiveness impacted upon the voluntariness of his or her guilty plea” (People v Devino, 110 AD3d 1146, 1147 [2013]). A motion to vacate a guilty plea “generally will not be granted absent evidence of fraud, innocence or mistake in the inducement” (People v McKinney, 122 AD3d 1083, 1083-1084 [2014]; see CPL 220.60 [3]; People v Mitchell, 73 AD3d 1346, 1347 [2010], lv denied 15 NY3d 922 [2010]).
*1231 During the plea allocution, defendant’s counsel informed County Court that he had advised defendant that he was eligible for the shock incarceration program and that defendant was “entering his plea based upon my advice to that effect.” While County Court made clear that the decision on whether defendant would be approved for the program rested with the Commissioner of Corrections and Community Supervision, the court indicated that it would either take no position or give a positive recommendation at sentencing. When the court inquired whether defendant would be eligible given his prior burglary conviction, the prosecutor responded that it was “likely” that defendant would be accepted into the program. The flaw in this discussion is that, having previously been convicted of a violent felony, defendant was not eligible for the program (see Correction Law § 865 [1]; 7 NYCRR 1800.4 [b] [1]). This is not a situation as in People v Benson (100 AD3d 1108 [2012]) and People v Williams (84 AD3d 1417 [2011], lv denied 17 NY3d 863 [2011]), where neither the defendant’s eligibility nor ultimate admission into the shock incarceration program was a condition of the plea. Here, as counsel’s statement quoted above confirms, defendant’s eligibility for the program was the express basis for his plea. Moreover, by focusing on a potential recommendation and the likelihood of defendant being allowed to participate, the responding commentary of the court and prosecutor, however unintended, was misleading. Given the mistake by all involved in the plea proceeding, and counsel’s failure to provide meaningful representation on this issue, we agree with defendant’s contention that his motion to withdraw his guilty plea should have been granted.
Further, having vacated defendant’s guilty plea, including the waiver of the right to appeal that was one of its terms, we turn to defendant’s additional contention that he received ineffective assistance of counsel prior to the plea, specifically in regard to his suppression motion. In the initial suppression motion, counsel misstated that the seizure occurred when the police were “in defendant’s apartment on an unrelated matter.” While County Court recognized that defendant was actually arrested in the home of Orrego, the court determined, in an order dated August 1, 2012, that defendant lacked standing to challenge the warrantless entry into Orrego’s home since defendant failed to show any connection to the home “beyond that of his mere transient presence.” While this motion was pending, defense counsel received an affidavit from Orrego explaining that defendant was one of his “house guests for the night” and that the police entered his home over his objection. *1232 Remarkably, in a letter dated July 26, 2012, counsel inaccurately informed defendant that the People had consented to a suppression hearing concerning the search of the home and failed to alert the court of the Orrego affidavit. While counsel renewed his motion for a suppression hearing on August 14, 2012 relying on the Orrego affidavit, County Court again denied the motion finding, in part, that the Orrego affidavit was not newly discovered evidence (see CPL 710.40 [4]). This decision was made on August 29, 2012, the same day that defendant entered his plea.
Since we have determined that the plea must be vacated, and the case remitted to County Court for further proceedings, we further note that a trial court is not obligated to conduct a suppression hearing “unless the accused alleges facts that, if true, demonstrate standing to challenge the search or seizure” (People v Burton, 6 NY3d 584, 587 [2006]). Pertinent here, “an overnight guest has an expectation of privacy in the host’s home” and, thus, standing to contest a search of that home (People v Perretti, 278 AD2d 597, 599 [2000], lv denied 96 NY2d 762 [2001]; see Minnesota v Olson, 495 US 91, 98-99 [1990]; People v Ortiz, 83 NY2d 840, 842 [1994]; People v Murray, 169 AD2d 843, 844 [2d Dept 1991], lv denied 78 NY2d 1013 [1991]). In our view, the facts set forth in the Orrego affidavit necessitated, at a minimum, that a hearing be held to determine whether defendant had standing to contest the search (see People v Mabeus, 47 AD3d 1073, 1075 [2008]; see also People v Jose, 239 AD2d 172, 173 [1997]; People v Cordoba, 179 AD2d 404, 404 [1992]; compare People v Scully, 14 NY3d 861, 864 [2010]).
Defendant’s remaining arguments on his appeal from the judgment of conviction, as well as his appeal from the order denying his CPL article 440 motion, have been rendered academic by our decision.
McCarthy, J.P., and Garry, J., concur.