People v Regan (2021 NY Slip Op 06007)





People v Regan


2021 NY Slip Op 06007


Decided on November 4, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:November 4, 2021

111537
[*1]The People of the State of New York, Respondent,
v
James A. Regan, Appellant.

Calendar Date:October 20, 2021

Before:Egan, Jr., J.P., Lynch, Clark, Aarons and Reynolds Fitzgerald, JJ.

Rural Law Center of New York, Castleton (Keith F. Schockmel of counsel), for appellant.
Gary M. Pasqua, District Attorney, Canton (Alexander A. V. Nichols of counsel), for respondent.



Reynolds Fitzgerald, J.
Appeal from a judgment of the County Court of St. Lawrence County (Richards, J.), rendered June 17, 2019, convicting defendant upon his plea of guilty of the crime of unlawful manufacture of methamphetamine in the third degree.
Defendant was indicted and charged with one count of unlawful manufacture of methamphetamine in the third degree. After initially rejecting certain plea offers, defendant agreed to plead guilty to the charged crime with the understanding that he would be sentenced to a prison term of 4½ years followed by two years of postrelease supervision — together with a judicial mandate that defendant be enrolled in a shock incarceration program. The plea agreement, which acknowledged that defendant would be sentenced as a second felony drug offender with a prior violent felony conviction, also required defendant to waive his right to appeal. Defendant pleaded guilty in conformity with the plea agreement, and the matter was adjourned for sentencing. After reassuring defendant that he would be placed in shock incarceration or a similar program, County Court imposed the contemplated prison term, and this appeal ensued.
Defendant contends, and the People agree, that the underlying plea is invalid because it was predicated upon a promise that could not legally be fulfilled — namely, defendant's court-ordered participation in a shock incarceration program. Although this argument implicates the voluntariness of defendant's plea and, hence, survives his unchallenged waiver of the right to appeal, it is unpreserved for our review absent evidence of a postallocution motion (see People v Lamotte, 184 AD3d 907, 907 [2020]; People v Benson, 100 AD3d 1108, 1108-1109 [2012]). That said, we deem this to be an appropriate instance in which to take corrective action in the interest of justice (see People v Smith, 160 AD3d 1475, 1475 [2018]; People v Muhammad, 132 AD3d 1068, 1069 [2015]).
There is no dispute that, in light of defendant's prior violent felony conviction, he was not in fact eligible for participation in a shock incarceration program (see Penal Law § 60.04 [7] [a]; Correction Law § 865 [1]; 7 NYCRR 1800.4 [b] [1]; People v Wiggins, 126 AD3d 1229, 1231 [2015]). Nor is there any question that a judicial mandate for shock incarceration was part and parcel of defendant's plea agreement (compare People v Smith, 160 AD3d at 1476, and People v Muhammad, 132 AD3d at 1069, and People v Wiggins, 126 AD3d at 1231, with People v West, 189 AD3d 1822, 1823-1824 [2020], lv dismissed 37 NY3d 975 [2021], and People v Demick, 138 AD3d 1486, 1486 [2016], lv denied 27 NY3d 1150 [2016]). "A guilty plea induced by an unfulfilled promise either must be vacated or the promise honored" (People v Collier, 22 NY3d 429, 433 [2013] [internal quotation marks, brackets and citations omitted], cert denied 573 US 908 [2014]). As the promise made here cannot be honored, and given defendant's insistence that his plea was involuntary, we deem vacatur of the plea [*2]and remittal to County Court for further proceedings to be the appropriate remedy (see People v Smith, 160 AD3d at 1476; People v Muhammad, 132 AD3d at 1069; People v Wiggins, 126 AD3d at 1231). In light of this conclusion, defendant's remaining arguments — that he received the ineffective assistance of counsel relative to his eligibility for shock incarceration and that the sentence imposed was harsh and excessive — are academic.
Egan Jr., J.P., Lynch, Clark and Aarons, JJ., concur.
ORDERED that the judgment is reversed, as a matter of discretion in the interest of justice, and matter remitted to the County Court of St. Lawrence County for further proceedings not inconsistent with this Court's decision.