People v Vasquez (2022 NY Slip Op 06654)

People v Vasquez

2022 NY Slip Op 06654

Decided on November 23, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:November 23, 2022

112271
[*1]The People of the State of New York, Respondent,
v
Richard Vasquez, Appellant.

Calendar Date:October 14, 2022

Before:Garry, P.J., Egan Jr., Clark, Ceresia and Fisher, JJ.

Mark Diamond, Albany, for appellant.
P. David Soares, District Attorney, Albany (Jonathan P. Catania of counsel), for respondent.

Garry, P.J.
Appeal from a judgment of the County Court of Albany County (William A. Carter, J.), rendered January 15, 2020, upon a verdict convicting defendant of the crime of assault in the second degree.
On an evening in February 2019, the victim was approached on the street by a man in search of a lighter; when the victim indicated that he did not have one, the situation escalated, and the man eventually took the victim's cane and repeatedly beat him with it. Following an investigation, defendant was arrested and charged by indictment with two felonies arising from this altercation. Defendant successfully moved for replacement of his initial assigned counsel and later made additional pretrial requests for substitute counsel or to proceed on his own behalf; both requests were denied. Following a jury trial, defendant was convicted of assault in the second degree and sentenced, as a second violent felony offender, to a prison term of seven years followed by five years of postrelease supervision. Defendant appeals.
Initially, defendant's argument that the indictment was obtained in violation of his right to testify before the grand jury was waived by his failure to move to dismiss the indictment upon this ground within five days of arraignment (see CPL 190.50 [5] [c]; People v Sutherland, 104 AD3d 1064, 1065 [3d Dept 2013]). In any event, contrary to defendant's argument, the decision as to whether a defendant should exercise the statutory right to testify before the grand jury is within counsel's purview (see People v Hogan, 26 NY3d 779, 786 [2016]; People v Gonzalez, 130 AD3d 1089, 1090 [3d Dept 2015]; People v Lasher, 74 AD3d 1474, 1476 [3d Dept 2010], lv denied 15 NY3d 894 [2010]). Regarding his ineffective assistance claim premised upon defense counsel's failure to afford him the opportunity to testify before the grand jury or timely move to dismiss the indictment, defendant has not demonstrated an absence of strategic or legitimate reasons for declining to do so (see People v Cherry, 149 AD3d 1346, 1346 [3d Dept 2017], lv denied 29 NY3d 1124 [2017]). Neither is there any indication that, had he testified before the grand jury, the outcome would have been different (see People v Hogan, 26 NY3d at 787; People v Simmons, 10 NY3d 946, 949 [2008]).
"A defendant in a criminal case may invoke the right to defend pro se provided [that] . . . (1) the request is unequivocal and timely asserted, (2) there has been a knowing and intelligent waiver of the right to counsel, and (3) the defendant has not engaged in conduct [that] would prevent the fair and orderly exposition of the issues" (People v McIntyre, 36 NY2d 10, 17 [1974]; see People v Jackson, 160 AD3d 1125, 1125-1126 [3d Dept 2018], lv denied 31 NY3d 1149 [2018]). Here, defendant's request was not clear and unequivocal. Rather, his request was made in the alternative to, and overshadowed by, his repeated and unsupported requests for substitution of his second assigned counsel.[FN1] In other words, defendant[*2]"sought to represent himself only because County Court refused to replace the [second] assigned counsel who had displeased him" (People v Gillian, 8 NY3d 85, 88 [2006]). At no point did "defendant's statements show a purposeful choice reflecting an unequivocal intent to forego the assistance of counsel" (People v LaValle, 3 NY3d 88, 107 [2004] [internal quotation marks and citations omitted]; see People v Larkins, 128 AD3d 1436, 1441 [4th Dept 2015], lv denied 27 NY3d 1001 [2016]; People v Wimberly, 86 AD3d 806, 807 [3d Dept 2011], lv denied 18 NY3d 863 [2011]). Accordingly, the court did not err in denying defendant's request.
Defendant's contention that he was deprived of his right to a fair trial when County Court provided a preliminary instruction to the prospective jurors, and a final charge to the jury, that defendant was in custody and that his custodial status could not be taken as evidence of guilt is unpreserved; defense counsel had in fact requested this instruction from the court (see CPL 470.05 [2]; People v McClenos, 172 AD3d 1638, 1640 [3d Dept 2019], lv denied 33 NY3d 1107 [2019]). Were this contention properly before us, we would find that it lacks merit as juries are presumed to have followed instructions given by the court (see People v Stone, 29 NY3d 166, 171 [2017]; People v Pressley, 156 AD3d 1384, 1384 [4th Dept 2017], lv dismissed 31 NY3d 1085 [2018]).
Defendant further contends that County Court erred in admitting bodycam footage containing alleged hearsay statements by the victim that do not fall under the excited utterance exception. "An out-of-court statement is properly admissible under the excited utterance exception when made under the stress of excitement caused by an external event, and not the product of studied reflection and possible fabrication" (People v Johnson, 1 NY3d 302, 306 [2003]; accord People v Auleta, 82 AD3d 1417, 1418-1419 [3d Dept 2011], lv denied 17 NY3d 813 [2011]). "Among the factors to be considered in determining whether a statement is admissible are the nature of the startling event, the amount of time [that] has elapsed between the startling occurrence and the statement, and the activities of the declarant in the interim to ascertain if there was significant opportunity to deviate from the truth" (People v Haskins, 121 AD3d 1181, 1183-1184 [3d Dept 2014] [internal quotation marks, ellipsis, brackets and citations omitted], lv denied 24 NY3d 1120 [2015]; see People v Cotto, 92 NY2d 68, 79 [1998]). "Trial courts are accorded wide discretion in making evidentiary rulings and, absent an abuse of discretion, those rulings should not be disturbed on appeal" (People v Carroll, 95 NY2d 375, 385 [2000] [citation omitted]; see People v Soriano, 121 AD3d 1419, 1422 [3d Dept 2014]). Here, the victim's remarks, which recounted the circumstances of his assault, were recorded roughly five minutes after the assault took place, while the victim was out of breath, visibly distressed and covered in blood. [*3]He had not left the vicinity of the attack in the interim. These circumstances are sufficient to infer that the victim's remarks were "made under the stress and excitement of a startling event and [were] not the product of any reflection and possible fabrication" (People v Haskins, 121 AD3d at 1184 [internal quotation marks and citation omitted]). Defendant's contention that the foregoing statements constituted improper bolstering evidence is unpreserved as he did not contemporaneously object to their admission on this ground (see People v West, 56 NY2d 662, 663 [1982]; People v Sloley, 179 AD3d 1308, 1311 [3d Dept 2020], lv denied 35 NY3d 974 [2020]); in any event, the challenged statements were sufficiently distinct from the witness testimony, and were also properly admitted as excited utterances, rendering this argument unpersuasive (see People v Smith, 22 NY3d 462, 465 [2013]; People v Buie, 86 NY2d 501, 511 [1995]).
Finally, defendant argues that he was deprived of his right to the effective assistance of counsel due to the collective failures of his successive counsel to provide him with an opportunity to testify before the grand jury, to object to the jury instructions regarding his custodial status and to object to the admission of the bodycam footage on the ground of improper bolstering. As discussed above, defendant has failed to demonstrate the absence of strategy with respect to counsel's decision not to exercise the right to testify before the grand jury, nor has he shown that the outcome would have been different had he testified (see People v Hogan, 26 NY3d at 787; People v Simmons, 10 NY3d at 949). The record reflects that counsel requested the preliminary custody instruction because, at that point, the question of whether defendant would testify remained undecided, and defendant has likewise failed to demonstrate the absence of strategy with respect to this decision (People v Hasan, 165 AD3d 1606, 1607-1608 [4th Dept 2018], lv denied 32 NY3d 1125 [2018]; People v Konovalchuk, 148 AD3d 1514, 1516 [4th Dept 2017], lv denied 29 NY3d 1082 [2017]). Finally, as discussed above, the bodycam footage was not bolstering, and counsel's failure "to lodge an objection that has little or no chance of success does not constitute the ineffective assistance of counsel" (People v Colter, 206 AD3d 1371, 1376 [3d Dept 2022], lv denied 38 NY3d 1149 [2022]; see People v Porter, 184 AD3d 1014, 1019 [3d Dept 2020], lv denied 35 NY3d 1069 [2020]). Viewing the representation afforded to defendant in its totality, defendant was provided with meaningful representation (see People v Porter, 184 AD3d at 1019; People v Bowman, 139 AD3d 1251, 1253 [3d Dept 2016], lv denied 28 NY3d 927 [2016]).
Egan Jr., Clark, Ceresia and Fisher, JJ., concur.
ORDERED that the judgment is affirmed.

Footnotes

Footnote 1: Defendant had successfully sought substitution of his first assigned counsel, premised upon a disagreement about whether defendant should testify before the grand jury. Defendant's second request asserted a perceived conflict of interest because his replacement counsel was also employed by the Albany County Public Defender's office.