People v Robinson (2025 NY Slip Op 05125)

People v Robinson

2025 NY Slip Op 05125

Decided on September 25, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:September 25, 2025

112437 CR-23-1017
[*1]The People of the State of New York, Respondent,
v
Adam M. Robinson, Appellant.

Calendar Date:September 11, 2025

Before:Clark, J.P., Pritzker, Reynolds Fitzgerald, McShan and Powers, JJ.

Aaron A. Louridas, Delmar, for appellant, and appellant pro se.
Kirk O. Martin, District Attorney, Owego (Torrance L. Schmitz of counsel), for respondent.

Reynolds Fitzgerald, J.
Appeals (1) from a judgment of the County Court of Tioga County (Gerald Keene, J.), rendered March 16, 2020, convicting defendant upon his plea of guilty of the crimes of robbery in the second degree, criminal use of a firearm in the second degree and grand larceny in the fourth degree, and (2) by permission, from an order of said court (Adam Schumacher, J.), entered May 16, 2023, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.
Defendant was charged by indictment with robbery in the second degree, criminal use of a firearm in the second degree and grand larceny in the fourth degree. Defendant agreed to plead guilty as charged, with the understanding that he would be sentenced to a total of nine years in prison, to be followed by five years of postrelease supervision, and that County Court would order his enrollment in the comprehensive alcohol and substance abuse treatment (hereinafter CASAT) program. County Court (Keene, J.) thereafter sentenced defendant, as a second felony offender, to concurrent sentences that amounted to nine years in prison, to be followed by five years of postrelease supervision. The court also directed that defendant be enrolled in CASAT. Defendant then moved pro se to vacate the judgment of conviction pursuant to CPL 440.10 asserting, among other things, insufficient notice to appear before the grand jury, involuntary plea and ineffective assistance of counsel. County Court (Schumacher, J.) denied the motion without a hearing. Defendant appeals from the judgment of conviction and, by permission, from the denial of his motion to vacate.
Initially, by failing to move to dismiss the indictment on these grounds, defendant has waived his claims on direct appeal that he was deprived of his statutory right to testify before the grand jury (see People v Vasquez, 210 AD3d 1302, 1303 [3d Dept 2022], lv denied 39 NY3d 1080 [2023]; People v Sutherland, 104 AD3d 1064, 1065 [3d Dept 2013]), that he was denied his constitutional right to a speedy trial (see People v Hinds, 217 AD3d 1138, 1141 [3d Dept 2023], lv denied 40 NY3d 951 [2023]; People v Griner, 207 AD3d 892, 892-893 [3d Dept 2022]) and that certain counts in the indictment were multiplicitous (see People v Marcantonio, 238 AD3d 1262, 1265 [3d Dept 2025]; People v Latnie, 180 AD3d 1238, 1243-1244 [3d Dept 2020]). As to his claim in his pro se CPL article 440 motion of ineffective assistance of counsel premised on defense counsel's failure to afford him an opportunity to testify before the grand jury or move to dismiss the indictment on this ground, even assuming, without deciding, that defendant could demonstrate an absence of strategic or legitimate reasons for failing to do so, he has not demonstrated that the outcome of the proceeding would have been different had he testified (see People v Hogan, 26 NY3d 779, 787 [2016]; People v Vasquez, 210 AD3d at 1303). Although defendant summarily argued in his CPL article [*2]440 motion that counsel was ineffective for failing to move to dismiss the indictment on speedy trial grounds, it was unsupported by any evidence and, therefore, County Court properly determined that no hearing was required as to this argument (see CPL 440.30 [4] [b]; People v Johnson, 221 AD3d 1172, 1176 [3d Dept 2023], lv denied 41 NY3d 965 [2024]).
We reject defendant's contention that County Court (Keene, J.) erred in denying his motion to dismiss the indictment based upon insufficient grand jury instructions. Our review of the grand jury minutes reveals that the People properly instructed the grand jury on the crimes charged and that the instructions were recorded in the minutes (see CPL 190.25 [6]; People v Newman, 169 AD3d 1157, 1157 [3d Dept 2019]; People v Waddell, 78 AD3d 1325, 1326 [3d Dept 2010], lv denied 16 NY3d 837 [2011]).
Defendant also argued in his CPL article 440 motion that his plea must be vacated because, as part of the plea agreement, County Court promised to order him to be enrolled in CASAT, a promise that could not be fulfilled because CASAT is only available to individuals convicted of drug-related offenses (see Penal Law § 60.04 [6]). We agree. "A guilty plea induced by an unfulfilled promise either must be vacated or the promise honored" (People v Collier, 22 NY3d 429, 433 [2013] [internal quotation marks, brackets and citations omitted], cert denied 573 US 908 [2014]; accord People v Regan, 199 AD3d 1067, 1068 [3d Dept 2021]). Defendant was not enrolled in CASAT as he was not statutorily eligible for participation (see Penal Law § 60.04 [6]; People v Colt, 39 AD3d 770, 770 [2d Dept 2007]), so the promise cannot be honored. Moreover, the record reflects that the mandate for CASAT enrollment was "part and parcel of defendant's plea agreement" (People v Regan, 199 AD3d at 1068; compare People v Brown, 58 AD3d 540, 540 [1st Dept 2009], lv denied 12 NY3d 814 [2009]; People v Martin, 55 AD3d 1304, 1304 [4th Dept 2008], lv denied 11 NY3d 899 [2008]). Thus, defendant is entitled to vacatur of his guilty plea (see People v Regan, 199 AD3d at 1069; People v Smith, 160 AD3d 1475, 1476 [4th Dept 2018]). In light of the foregoing, defendant's remaining arguments on appeal are academic.
Clark, J.P., Pritzker, McShan and Powers, JJ., concur.
ORDERED that the judgment and the order are reversed, on the law, and matter remitted to the County Court of Tioga County for further proceedings not inconsistent with this Court's decision.